Matter of Last Train Stop, Inc. v New York State Liq. Auth. (2018 NY Slip Op 03365)





Matter of Last Train Stop, Inc. v New York State Liq. Auth.


2018 NY Slip Op 03365


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-11064
 (Index No. 33720/16)

[*1]In the Matter of Last Train Stop, Inc., etc., petitioner,
v
New York State Liquor Authority, respondent.


Schloss & Schloss, PLLC, Airmont, NY (Jonathan B. Schloss of counsel), for petitioner.
Christopher R. Riano, Albany, NY (Mark D. Frering of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Liquor Authority dated May 23, 2016, as adopted the recommendation of an administrative law judge dated March 17, 2016, made after a hearing, sustaining two charges that the petitioner had violated Alcoholic Beverage Control Law § 118(3) and rule 36.1(q) of the Rules of the State Liquor Authority (9 NYCRR) § 53.1(q), and imposing a civil penalty.
ADJUDGED that the determination is confirmed insofar as reviewed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
For the reasons stated in the companion appeal (see Matter of Last Train Stop, Inc. v New York State Liquor Authority, ____ AD3d ____ [Appellate Division Docket No. 2016-07241; decided herewith]), the petitioner's contentions in this proceeding are without merit. Accordingly, the New York State Liquor Authority properly adopted the recommendation of an administrative law judge dated March 17, 2016, made after a hearing, sustaining two charges that the petitioner violated Alcoholic Beverage Control Law § 118(3) and rule 36.1(q) of the Rules of the State Liquor Authority (9 NYCRR) § 53.1(q), and imposing a civil penalty.
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court